UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD M. WHITNEY,

                Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____

DECISION & ORDER

17-CV-6271P

## PRELIMINARY STATEMENT

Plaintiff Ronald M. Whitney ("Whitney") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Docket # 17).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 12, 14). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

**DISCUSSION**

I.  **Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity ["RFC"] to perform his past work; and

(5) if not, whether the claimant retains the residual functional capacity to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

II. **Whitney's Contentions**

Whitney contends that the ALJ's determination that he is not disabled is not supported by substantial evidence and is the product of legal error. (Docket ## 12-1, 16). Specifically, he argues that the ALJ erred in arriving at her RFC determination because she did not comply with the remand order of the Appeals Council dated February 2, 2016, which directed the ALJ to attempt to obtain all the missing pages from the medical source statement of consultative examiner Dr. Harbinder Toor ("Toor"). (Docket ## 12-1 at 15-17; 16 at 6-8). On April 25, 2019, the Court held oral argument with the parties to address this issue. (Docket # 18). For the reasons discussed below, upon a detailed review of the record, I agree with Whitney that the record does not demonstrate that the ALJ complied with the Appeals Council's remand order and that remand of this case is warranted on this basis.

A. **The ALJ's Compliance with the Appeals Council's Remand Order**

In the February 2, 2016 remand order (Tr. 528-30),[1] the Appeals Council directed the ALJ to:

> [o]btain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding the consultative examinations and existing medical evidence (20

---

[1] References to page numbers in the Administrative Transcript (Docket # 9) utilize the internal Bates-stamped pagination assigned by the parties.

> C.F.R. 404.1512-1513). In so doing and with the assistance of the claimant's representative, attempt to obtain all pages of the Medical Source Statement of Ability to Do Work-Related Activities (Physical) purportedly from Harbinder Toor, M.D., and dated August 31, 2012.

(Tr. 529). While Toor's consultative report contains a narrative medical source statement (Tr. 374-75), the missing pages are part of a multi-page report (Medical Source Statement of Ability to Do Work-Related Activities (Physical)) that reflect Toor's opinions, generally provided on a chart in the report, of the extent to which Whitney could perform certain work-related activities with his impairments. (Tr. 376-78). The Appeals Council noted the "relevance of th[is] evidence," despite the fact that Toor's consultative examination occurred "six years after [Whitney] was last insured for disability purposes." (Tr. 529).

Whitney argues that the ALJ's "efforts in obtaining the complete report are unclear" and that the record does not demonstrate that the ALJ or her staff "actually contacted" Toor or his practice group, Industrial Medicine Associates, P.C., for a copy of the complete report. (Docket # 12-1 at 16). In Whitney's view, the absence of proof of these efforts "supports [a finding that] the ALJ[] fail[ed] to comply with the Appeals Council's order." (*Id.*).

The Commissioner contends that the ALJ satisfied the Appeals Council's directive because the ALJ and her staff contacted the Disability Determination Services ("DDS"), even though the missing pages were not obtained. (Docket # 14-1 at 18-19). In addition, the Commissioner argues that the ALJ took additional reasonable steps to develop the record by obtaining a medical expert to review Whitney's medical record and provide an opinion regarding Whitney's impairments and physical capabilities and limitations. (*Id.* at 19 ("[t]he ALJ genuinely attempted to satisfy the Appeals Council's remand and obtained medical expert testimony to rectify the problem")).

5

Relevant regulations provide that on remand from the Appeals Council, "[t]he administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis supplied). "The ALJ's failure to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." *Parks v. Colvin*, 2017 WL 279558, *3 (W.D.N.Y. 2017); *see also Daumen v. Berryhill*, 2018 WL 6380385, *5 (W.D.N.Y. 2018) ("[i]f an ALJ fails to comply with an Appeals Council remand order, their decision is subject to judicial review and can form the basis for a remand to the Commissioner"); *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("[t]he ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand").

Here, at the first hearing upon remand on July 27, 2016, the ALJ and Whitney's attorney acknowledged the difficulty in obtaining Toor's complete record. The ALJ stated that "[o]ne of the other problems in the case is that we had an incomplete exhibit in the opinion of Dr. [Toor] . . . and we have tried to contact and find out if we could get a complete copy of that opinion[, but] [t]hat's apparently not available." (Tr. 490). Whitney's counsel told the ALJ that he had "tried to get th[e] [complete report] too and they said that they only could release that to Social Security," to which the ALJ responded, "[w]ell, they told us that they didn't have it anymore[.]" (*Id.*).

At oral argument before this Court on April 25, 2019, Whitney's counsel represented that his office had contacted Toor's practice group, Industrial Medicine Associates, P.C., for the missing portions of the report, but was told that the practice group could only release the report to Social Security, and that Whitney would need to obtain the report through the Social Security Administration. Both attorneys acknowledged that the identity of the party or

6

entity from which the ALJ had attempted to obtain Toor's report was unclear. In other words, the record is unclear whether the ALJ was referring at the July 2016 hearing to efforts made to contact Toor, his practice group, or DDS.

The ALJ held a subsequent hearing on December 21, 2016. Again, the ALJ acknowledged Toor's incomplete exhibit and her colleague Tim Flavin's ("Flavin") efforts to obtain the complete record from DDS. (Tr. 409-10). The ALJ stated that she did not "know of a way to complete that exhibit" or even "that the original [report] exist[ed] anymore." (*Id.*). Following the hearing, on February 22, 2017, Flavin contacted DDS about the "possible retrieval of the signature page on [Toor's report]." (Tr. 607).[2] DDS told Flavin that it "did not have a copy that far back." (*Id.*).

Although the record reveals that the ALJ attempted to obtain the missing portions of Toor's report from DDS, it does not demonstrate that the ALJ or her staff attempted to obtain the missing pages of the report directly from Dr. Toor or his office practice. Indeed, the only documentary proof of the ALJ's efforts to obtain the complete record is Flavin's note referencing his correspondence with DDS. (*Id.*). On this record, this Court is unable to conclude that the ALJ took reasonable steps to comply with the Appeals Council's remand order and specific directive to obtain the missing pages. *See* 20 C.F.R. § 404.1519p(b) (stating that when the report of a consultative examiner is "inadequate or incomplete," the Commissioner "will *contact the medical source* who performed the consultative examination, give an explanation of [the Commissioner's] evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report") (emphasis supplied); *cf.* 20 C.F.R.

---

[2] Retrieving only "the signature page" of Toor's report would not have satisfied the Appeals Council's directive. The signature page was only one of the missing portions of Toor's report, and the Appeals Council's remand order directed the ALJ to attempt to obtain "all" pages of that report. (Tr. 529).

7

§ 404.1512(b)(1)(i)-(ii) (explaining that, in order to develop the record, the Commissioner "will make every reasonable effort to help [claimant] get medical evidence from [claimant's] own medical sources and entities that maintain [claimant's] medical sources' evidence[;] [e]very reasonable effort means that [the Commissioner] will make an initial request for evidence from [claimant's] medical source or entity that maintains [claimant's] medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, [the Commissioner] will make one follow-up request to obtain the medical evidence necessary to make a determination").

Although the Commissioner was not unreasonable in contacting DDS, when that failed, the ALJ or her staff should have contacted the medical source directly. No evidence exists in the record that the ALJ did this, and the Commissioner thus cannot demonstrate that the ALJ took reasonable steps to comply with the Appeals Council's remand order.[3] *See*, *e.g.*, *Thurman v. Comm'r of Soc. Sec.*, 2018 WL 4940726, *3 (W.D.N.Y. 2018) (ALJ did not violate the Appeals Council's remand order "to attempt to obtain treatment records" from medical source where ALJ sent two letters to the medical source requesting claimant's treatment records). Accordingly, the Court finds that remand in appropriate "due to the ALJ's failure to develop the record in compliance with the Appeals Council's [February 2, 2016] [r]emand [o]rder." *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 231 (E.D.N.Y. 2014) (collecting cases).

---

[3] The Court's holding is limited to its determination that the ALJ, by apparently failing to contact Toor or his medical practice group directly, failed to make reasonable efforts to comply with the Appeals Council's directive to attempt to obtain all the missing pages from Toor's medical source statement. This decision does not address whether the ALJ acted reasonably in obtaining the supplemental testimony and opinion of a medical expert in the absence of Toor's complete report.

### B. Whitney's Remaining Contentions

In light of the findings discussed above, however, the Court need not reach Whitney's remaining contentions. *See*, *e.g.*, *Daumen v. Berryhill*, 2018 WL 6380385 at *8 ("[a]ccordingly, the [c]ourt finds that a remand of this case to the ALJ is appropriate due to the ALJ's failure to comprehensively evaluate the treating source opinions and develop the record in compliance with the Appeals Council's . . . remand order"; "[i]n light of the [c]ourt's findings . . . [,] it need not reach the merits of plaintiff's remaining arguments"); *Parks v. Colvin*, 2017 WL 279558 at *3 n.3 ("[plaintiff] advances other arguments that she believes require reversal of the Commissioner's decision[;] [h]owever, because this [c]ourt disposes of this matter based on the ALJ's failure to follow the Appeals Council's remand order . . . [,] those arguments need not be reached").

### CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 14)** is **DENIED**, and Whitney's motion for judgment on the pleadings **(Docket # 12)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

> *s/Marian W. Payson*
> MARIAN W. PAYSON
> United States Magistrate Judge

Dated: Rochester, New York
       May 7, 2019